[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12383
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00212-CR-ORL-18DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS J. LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 30, 2010)

Before DUBINA, Chief Judge, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Carlos J. Lopez appeals *pro se* his multiple convictions for health care fraud under 18 U.S.C. § 1347, making a false statement in a health care matter under 18 U.S.C. § 1035, and aggravated identity theft under 18 U.S.C. § 1028(a)(1). Lopez raises several arguments on appeal, which we address below.

I.

Lopez argues that he received ineffective assistance of counsel during the critical stage of plea bargaining. He contends that although he wanted to negotiate with the prosecution for a plea agreement rather than go to trial, his attorney, Clarence Counts, failed to communicate to the government Lopez's offer of cooperation and his desire for a plea agreement. Lopez argues that this deficient performance prejudiced him because had Counts properly pursued plea negotiations, Lopez would have accepted a plea deal, that would have offered lenient treatment from the government and a lesser sentence.

We may consider an ineffective assistance claim on direct appeal "if the record is sufficiently developed." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (internal quotation marks omitted). However, "[t]he preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion 'even if the record contains some indication of deficiencies

in counsel's performance.'" *Id.* at 1328-29. (quoting *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003)).

Here, we conclude that the record is insufficiently developed to decide Lopez's ineffective assistance claim. Both Lopez and Counts have made conflicting statements regarding why the parties did not enter into a plea agreement and no evidence exists as to whether the parties would have reached a plea agreement. Accordingly, we decline to address this issue on direct appeal, and, if he desires, Lopez should bring his ineffective-assistance-of-counsel claim in a 28 U.S.C. § 2255 motion. *See Patterson*, 595 F.3d at 1328-29.

## II.

Lopez argues that the district court erred in denying Counts's motion to withdraw and in denying the defense's motions to substitute counsel and to continue trial. Lopez contends that Counts could not provide zealous representation at trial in the face of Lopez's allegations of ineffectiveness. Lopez also argues that he discovered Counts's failure to negotiate with the government only shortly before trial and that a continuance was necessary for him to negotiate a plea agreement.

We review the district court's denial of a motion to withdraw or to appoint new counsel for abuse of discretion. *United States v. Calderon*, 127 F.3d 1314,

3

1342-43 (11th Cir. 1997). The most relevant factors to be considered in this review include: "1) the timeliness of the motion; 2) the adequacy of the court's inquiry into merits of the motion; and 3) whether the conflict was so great that it resulted in a total lack of communication between the defendant and his counsel thereby preventing an adequate defense." *Id.* at 1343. Notably, "'while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.'" *Id.* (quoting *Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 1697, 100 L. Ed. 2d 140 (1988)).

We also review the district court's denial of a motion for continuance under an abuse-of-discretion standard. *United States v. Knowles*, 66 F.3d 1146, 1160 (11th Cir. 1995). In doing so, we look at "the circumstances presented, focusing upon the reasons for the continuance offered to the trial court when the request was denied." *Id.* at 1161 (internal quotation marks omitted).

Even if the district court abuses its discretion in denying the motions, the appellant still needs to show that he suffered prejudice as a result. *United States v. Valladares*, 544 F.3d 1257, 1262 (11th Cir. 2008); *Calderon*, 127 F.3d at 1342-43.

4

Considering the factors listed above, we conclude that the district court did not abuse its discretion in denying the motions to withdraw, to substitute counsel, and to continue trial. Regarding withdrawal and substitution of counsel, the defense did not timely make the motions, the district court conducted a proper inquiry into the merits, and the record does not evidence a total lack of communication between Counts and Lopez. As to the motion to continue trial, Lopez had already received several continuances, Counts assured the court that he fully discussed everything with Lopez, and the government stated that it would suffer severe prejudice from further delays. Confronted with these circumstances, we conclude that the district court did not abuse its discretion in deciding that Counts could adequately represent Lopez at trial and that a further delay of the proceedings was unwarranted.

In any event, Lopez failed to show any prejudice from the district court's denial of the motions. Lopez does not allege that Counts performed deficiently at trial, and nothing indicates that the government was still willing to negotiate or that the parties would have reached a plea agreement. Accordingly, we affirm Lopez's convictions.

**AFFIRMED.**