[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12826
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-00032-CR-1-SPM-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ROSELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 20, 2011)

Before WILSON, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Jorge Rosell-Diaz ("Rosell") appeals his sentence of 37 months'

imprisonment, imposed at the low end of the applicable guideline range, after

pleading guilty to conspiracy to manufacture, distribute, and possess with intent to distribute more than 100 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846. Rosell argues that his sentence was unreasonable because the district court failed to avoid an unwarranted sentencing disparity when sentencing him to 37 months' imprisonment and his codefendant, Yosnell Montejo-Garcia, to 12 months' imprisonment. He also argues that we should remand his case so that the district court may consider the possibility of a conflict of interest resulting from the potential payment of his counsel's attorney's fees by a codefendant.

I.

We review the reasonableness of Rosell's sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591. The party challenging the sentence has the burden of establishing that the sentence was unreasonable. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). The district court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" that are listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal

2

conduct, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

In reviewing the reasonableness of a sentence, we conduct a two-step review. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. First, we must ensure that the sentence was procedurally reasonable, meaning that the district court properly calculated the guidelines range, treated the Sentencing Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.* Once we determine that a sentence is procedurally reasonable, we must examine whether the sentence was substantively reasonable under the "totality of the circumstances." *Id.* A district court may impose a higher sentence on one defendant if he is not "similarly situated" to his codefendants. *See United States v. McNair*, 605 F.3d 1152, 1232 (11th Cir. 2010) (affirming a district court's sentence when a "number of factors" distinguished the defendant from his codefendants). A defendant who

3

cooperates with the government is not similarly situated with one who has not cooperated, and thus there is no unwarranted sentence disparity between such codefendants when they receive sentences of different lengths. *See United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009).

Rosell has not shown that the district court imposed an unreasonable sentence. He was not similarly situated to Montejo-Garcia, his co-defendant, and his sentence was otherwise reasonable. Upon review of the record and consideration of the parties' briefs, we affirm Rosell's sentence.

## II.

A claim is not ripe for our consideration when the district court "did not entertain the claim nor develop the factual record." *See United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (quotation omitted) (holding that a defendant's ineffective-assistance-of-counsel claim was not ripe on direct appeal). The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion. *Id.*

Rosell's conflict-of-interest claim is not ripe for our consideration because the district court did not develop the factual record nor consider his claim. Therefore, we decline to consider the claim on direct appeal.

**AFFIRMED.**[1]

---

[1] Appellants' request for oral argument is denied as moot.