[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13707
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-20117-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT HALL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 7, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Robert Hall (Hall) pleaded guilty to robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a). The district court sentenced Hall to 72 months in prison, an upward variance from the applicable guideline range of 37 to 46 months. On appeal, Hall argues for the first time that the sentencing court violated due process when it considered criminal charges contained in Hall's presentence investigation report ("PSI") that were later dropped, abandoned, or *nolle prossed*.

We review constitutional challenges not raised at the district court for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). In plain error analysis, a challenging party must show "there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 1298 (quotations and citation omitted). Plain error has only limited application: "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

The task of the district court in sentencing is to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). To accomplish this task, the district court is statutorily empowered to consider "the history and characteristics of the defendant," among other factors. *Id*. § 3553(a)(1). In assessing the impact of § 3553(a)(1), the district court is "free to consider any information relevant to [the defendant's] background, character, and conduct in imposing an upward variance." *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir.) (quotation omitted), *cert. denied*, 131 S. Ct. 674 (2010); *see also United States v. Shaw*, 560 F.3d 1230, 1231-35 (11th Cir. 2009) (affirming upward variance and delineating defendant's criminal history, including juvenile adjudications and numerous charges that were not prosecuted); 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense . . . for the purpose of imposing an appropriate sentence.").

The chief purpose of the PSI is to help the district court meet these objectives. *United States v. Gomez*, 323 F.3d 1305, 1309 (11th Cir. 2003). The PSI serves the purpose of a pretrial stipulation, setting out the facts of the case and providing the parties with an opportunity to object to any information contained therein. *United States v. Scroggins*, 880 F.2d 1204, 1209 n.11 (11th Cir. 1989). We regard the failure to object to allegations of fact in a PSI as an admission of those facts for sentencing purposes. *United States v. Patterson*, 595 F.3d 1324, 1326 (11th Cir. 2010). Once the defendant is given an opportunity and fails to contest allegations in a PSI, the district court may treat those statements as reliable. *United States v. Williams*, 989 F.2d 1137, 1141-42 (11th Cir. 1993).

After a careful review of the entire record and the parties' briefs, we hold that the district court did not commit plain error. As part of its sentencing obligations, the district court was authorized to consider any information relevant to Hall's character and history, including criminal charges that were later dropped, abandoned, or *nolle prossed*. *See Tome*, 611 F.3d at 1379; 18 U.S.C. § 3553(a)(1). Hall's failure to object to descriptions of prior charges contained in the PSI constituted an admission of those facts for sentencing purposes. *See Patterson*, 595 F.3d at 1326. Moreover, nothing in the record indicates that the district court based its sentencing decision solely on unconvicted conduct, nor did

the court assume Hall was guilty of the charged offenses.  Because Hall has failed to show that the district court committed plain error, we affirm.

**AFFIRMED.**