[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14072
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60035-JIC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC SHIVERS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 28, 2013)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Cedric Shivers appeals his 151-month sentence, imposed after he pleaded

guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a).  The bank

robbery crime occurred in February 2012, and Shivers was sentenced in July 2012.

For the first time on appeal, Shivers argues that the district court violated the Ex Post Facto Clause by sentencing him in 2012 as a career offender under the 2011 Guidelines Manual. Shivers argues that the district court should have used the 2001 version of the Guidelines Manual that was in effect when he received the prior 2002 and 2004 convictions that were used as his career offender predicate offenses. Shivers further argues that under the 2001 Guidelines Manual, his applicable guideline range would have been 57 to 71 months' imprisonment, rather than the 151 to 188 month range calculated by the district court under the 2011 Guidelines Manual. After review, we find no error, much less plain error, and affirm.[1]

The Ex Post Facto Clause bars laws from retroactively altering the definition of a crime or increasing the punishment for a criminal act. United States v. Reynolds, 215 F.3d 1210, 1213 (11th Cir. 2000). For a criminal law to violate the Ex Post Facto Clause, the law must: (1) "apply to events occurring before its enactment"; and (2) "disadvantage the offender affected by it." Id.

---

[1] A defendant's claim that his sentence was imposed in violation of the Ex Post Facto Clause presents a question of law that we review de novo. United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). However, "[w]here the defendant has failed to raise [an] issue below, we review for plain error." United States v. Patterson, 595 F.3d 1324, 1326 (11th Cir. 2010). "Plain error requires the defendant to show: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." United States v. Schultz, 565 F.3d 1353, 1357 (11th Cir. 2009).

Generally, a convicted defendant's sentence is based on the Guidelines Manual in effect on the date of sentencing. U.S.S.G. § 1B1.11(a); see United States v. Bailey, 123 F.3d 1381, 1403 (11th Cir. 1997). If application of the Guidelines Manual in effect at sentencing would violate the Ex Post Facto Clause, however, then the district court must apply the Guidelines Manual that was in effect on the date that the crime was committed. U.S.S.G. § 1B1.1 1(b)(1); see Bailey, 123 F.3d at 1403.

In Reynolds, this Court held that in applying the Armed Career Criminal Act ("ACCA") to enhance a defendant's sentence, "the use of predicate felonies committed before the ACCA was enacted does not violate the Ex Post Facto Clause." Reynolds, 215 F.3d at 1213. Reynolds, who pleaded guilty to possessing a firearm as a convicted felon in 1997, was sentenced under the ACCA based, in part, on a 1984 conviction for cocaine delivery. Id. at 1212. At the time of Reynolds's cocaine delivery conviction, the ACCA did not provide for drug-related offenses to be used as predicate convictions. Id. This Court held that because Reynolds's firearm possession offense occurred after the ACCA was enacted, the ACCA did not "impose or increase punishment for a crime committed before its enactment." Id. at 1213. Instead, this Court viewed the application of the ACCA as "a stiffened penalty for [Reynolds's] latest crime" and found no

3

violation of the Ex Post Facto Clause.  Id. (quoting Gryger v. Burke, 334 U.S. 728, 732, 68 S. Ct. 1256, 1258 (1948)).

Here, the district court's application of the 2011 Guidelines Manual and the career offender guideline was appropriate because both Shivers's bank robbery offense conduct and sentencing hearing occurred in 2012.  See U.S.S.G. § 1B1.11(a), (b)(1); Bailey, 123 F.3d at 1213.  As in Reynolds, the district court in the present case used Shivers's prior conviction to stiffen the penalty for his current bank robbery offense, rather than "impos[ing] or increas[ing] punishment for a crime committed" prior to the enactment of the 2011 career offender guideline.  See Reynolds, 215 F.3d at 1213 (emphasis added).  Accordingly, there was no violation of the Ex Post Facto Clause in this case.

Shivers's reliance on Vartelas v. Holder, 566 U.S. __, 132 S. Ct. 1479 (2012), is misplaced.  In Vartelas, the Supreme Court held that a lawful permanent resident ("LPR") with a criminal conviction that predated the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") was not subject to the travel restriction imposed by IIRIRA.  566 U.S. at __, 132 S. Ct. at 1483-84.  At the time Vartelas pleaded guilty to conspiring to make a counterfeit security, the law permitted him "to travel abroad for brief periods without jeopardizing his resident alien status."  Id. at __, 132 S. Ct. at 1483.  IIRIRA, which was enacted after Vartelas entered his plea and received his sentence,

4

precluded foreign travel "by lawful permanent residents who had a conviction like Vartelas'[s]." Id.  The Supreme Court determined that Vartelas's travel abroad did not involve any additional criminal infraction, and therefore, as applied to Vartelas, the IIRIRA-imposed travel restriction would have "rested not on any continuing criminal activity, but on a single crime committed years before IIRIRA's enactment." Id. at__, 132 S. Ct. at 1490.  Vartelas is thus distinguishable from the present case because Vartelas dealt with a restriction that was based solely on the LPR's pre-IIRIRA conduct, whereas here, Shivers has received a sentence of imprisonment based on criminal conduct he committed in 2012 while the 2011 version of the Guidelines Manual and its career offender provision were in effect. See id.

Following our review of the briefs and the record in this case, we find no error, plain or otherwise, in the district court's application of the 2011 Guidelines Manual and its career offender provision and affirm Shivers's 151-month sentence.

**AFFIRMED.**

5