NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0340n.06
Filed: June 16, 2008

Case No. 07-5446

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| KAVIOUS L. NEWSOM, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: MARTIN and BATCHELDER, Circuit Judges; JORDAN[*], District Judge.

ALICE M. BATCHELDER, Circuit Judge. Having pleaded guilty to two counts of

transportation of a stolen vehicle in violation of 18 U.S.C. § 2312, Defendant–Appellant Kavious

Newsom appeals his sentence of fifty-one months' imprisonment, three years' supervised release,

and restitution of $133,894.73. Because the district court committed no reversible error, we affirm.

I. BACKGROUND

Newsom was involved in transporting from Atlanta, Georgia, to Memphis, Tennessee, stolen

vehicles bearing cloned VIN numbers. Once the vehicles arrived in Memphis, they were sold to

third parties. Investigators were able to determine that Newsom's scheme involved nine vehicles,

all of which were subsequently recovered. Newsom and another individual were charged in a multi-

---

[*]The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting
by designation.

count indictment with conspiracy, interstate transportation of stolen vehicles, possession and sale of stolen motor vehicles that had crossed state lines, and aiding and abetting. Newsom pleaded guilty, pursuant to a written plea agreement, to two counts of interstate transportation of stolen vehicles. According to Newsom's plea agreement, the total value of the nine vehicles was "approximately $360,712.00." The presentence investigation report ("PSR"), taking into account information obtained from the victims' insurance companies, set the actual loss at $133,894.73. This amount represented the diminution in value from the original value of the vehicles to the salvage value that the insurance companies were able to obtain upon reselling them.

The district court determined that, pursuant to U.S.S.G. § 2B1.1(a)(2), Newsom's appropriate base offense level was six. Because Newsom admitted that the total value of the stolen vehicles was approximately $360,713.93, the district court applied § 2B1.1(b)(1)(G), which provides for a twelve-level enhancement where the loss exceeds $200,000 but is less than $400,000. The district court also applied a two-level enhancement because it found that Newsom was a person in the business of receiving and selling stolen property, and a three-level reduction for acceptance of responsibility, arriving at a total offense level of seventeen. Based on Newsom's criminal history category of six, the court found that the sentencing guideline range was fifty-one to sixty-three months. The court imposed a sentence of fifty-one months' imprisonment, three years' supervised release, and restitution in the amount of $133,894.73. Newsom filed a timely notice of appeal.

## II. ANALYSIS

Newsom argues that in sentencing him, the district court committed two errors: first, the district court violated Fed. R. Crim. Proc. Rule 32 by failing to make the appropriate factual findings on the record for loss-determination purposes; and second, in determining the offense level, the court

should have used the actual loss, taking into account the insurance monies, rather than the total value of the nine vehicles. Neither of these arguments is meritorious.

## A. Fed. R. Crim. Proc. Rule 32

Federal Rule of Criminal Procedure 32(i)(3)(B) requires that a sentencing court "must — for any disputed portion of the presentence report or other controverted matter — rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Rule 32, we have explained, "prohibits a court faced with a dispute over sentencing factors from adopting the factual findings of the presentence report without making factual determinations of its own." *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003). However, there is "no reason to require a district court to make independent findings outside the PSR when the facts are undisputed." *Id.* (quoting *United States v. Treadway*, 328 F.3d 878, 886 (6th Cir. 2003)).

Newsom's Rule 32 argument is wrong for two reasons. First, to the extent he characterizes the district court's mistake as failing to make the necessary factual finding, he cannot succeed because Rule 32 does not require such a finding. Newsom did not contest the factual accuracy of the $360,713.93 figure; rather, in both his plea agreement and in his objections to the PSR, Newsom admitted that this amount represented the total value of the stolen vehicles.

Second, the district court did, in fact, rule on the only objection that Newsom presented on this issue. In his objections to the PSR, Newsom "admit[ed] that the value of the stolen vehicles ($360,713.93) is correct, however, he . . . argue[d] that Section 2B1.1(b)(1)(G) of the Untied [*sic*] States Sentencing Guidelines should be calculated using the 'total loss' to the victim (the amount of restitution) and not their 'retail' value." As we explain in greater detail below, the district court

expressly ruled on this matter, concluding that § 2B1.1(b)(1)(G) required the court to consider the intended loss, $360,713.93, as opposed to the actual loss, $133,894.73. There was no Rule 32 error.

**B. Intended or Actual Loss**

We review the sentence imposed by the district court for reasonableness — both procedural and substantive. *Gall v. United States*, 552 U.S. , 128 S. Ct. 586, 597 (2007). In this appeal, Newsom challenges only the application of § 2B1.1 to his case; he does not otherwise challenge the procedural or substantive reasonableness of his sentence. We will therefore limit our review to this issue. We review the district court's application of the Sentencing Guidelines de novo and the district court's findings of fact for clear error. *United States v. Davidson*, 409 F.3d 304, 310 (6th Cir. 2005); *United States v. Tocco*, 306 F.3d 279, 284 (6th Cir. 2002).

Section 2B1.1 is the Guideline section applicable to Newsom's offense. Section 2B1.1(b)(1) provides for a specific-offense enhancement depending on the amount of loss resulting from the criminal conduct. To calculate this loss, Application Note 3(A) to § 2B1.1 provides that "loss is the greater of actual loss or intended loss." Actual loss is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense," while intended loss is "the pecuniary harm that was intended to result from the offense." Application Note 3(C) provides that "[t]he court need only make a reasonable estimate of the loss," and that this loss determination is entitled to deference. This estimate is to be based on available information, including "[t]he fair market value of the property unlawfully taken or destroyed; or, if the fair market value is impracticable to determine or inadequately measures the harm, the cost to the victim of replacing that property." § 2B1.1, cmt. n.3(C). The loss amount shall be reduced by "[t]he money returned, and the fair market value of the property returned and the services rendered, by the defendant or other persons acting jointly with the

4

defendant, to the victim before the offense was detected." § 2B1.1, cmt. n.3(E).

Although Newsom's argument is not entirely clear, he appears to argue that, for purposes of calculating the loss, the district court should have used the actual loss, $133,849.73, as determined by the amounts paid by the insurance companies for the stolen cars. Had the district court used this figure, Newsom would have received a ten- as opposed to twelve-level enhancement under §2B1(b)(1). He argues that "[t]here was no evidence presented which would support the determination of retail value of the vehicles, and therefore, the use of the actual loss for purposes of sentencing would be appropriate in this case."

Again, Newsom is wrong for two reasons. First, as discussed above, the district court had sufficient evidence to value the vehicles at $360,713.93. In particular, Newsom himself *admitted* to this approximate amount both in his plea agreement and subsequently in his objections to the PSR. Second, the district court was correct to use the total value of the stolen vehicles, not taking into account the amount paid by the insurance companies, for loss purposes under § 2B1.1. Whether we characterize the loss as actual or intended, the fair market value of the cars was admitted to by Newsom, so under Note 3(C) ("[t]he estimate of the loss shall be based on . . . [t]he fair market value of the property unlawfully taken"), the district court was correct to use this figure to estimate the loss. Application Note 3(A) makes clear that this value should be reduced only by the value of property returned to the victim "by the defendant or other persons acting jointly with the defendant . . . before the offense was detected," § 2B1.1, cmt. n.3(E). Clearly, the monies provided by the insurance companies cannot qualify for reduction under Note 3(E) because the insurance companies neither "act[ed] jointly with [Newsom]" nor paid for the loss "before the offense was detected." Therefore, the district court did not err in setting the loss at $360,713.93.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment and sentence of the district court.