[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12554
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2011
JOHN LEY
CLERK

D. C. Docket No. 07-00145-CR-1-WSD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALFREDO CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 2, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Alfredo Cruz appeals his convictions for drug offenses, in violation of

18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 846. On appeal, Cruz challenges

the denial of his motion to suppress evidence and the sufficiency of the evidence at trial.[1] After a thorough review of the record, we affirm.

Cruz was charged along with several others in three counts of a nine-count indictment. Count 1 charged Cruz with conspiracy to possess with intent to distribute at least 5 kilograms of cocaine. Count 2 charged Cruz with aiding and abetting possession with intent to distribute of cocaine. Count 3, of which Cruz was later acquitted, charged Cruz with various financial crimes.

Before trial, Cruz moved to suppress the evidence seized during his arrest on the ground that police lacked a warrant and probable cause to arrest him. Following a suppression hearing, the district court denied the motion to suppress, finding there was probable cause to detain Cruz and that, after the drug-sniffing dog alerted to one of the trucks,[2] there was probable cause for an arrest.

At trial, the evidence showed the following: While conducting an investigation into drug-trafficking organizations, the DEA intercepted phone calls indicating that Jaime Sol Rey[3] and others including Cruz were bringing ten

---

[1] Cruz also argues that trial counsel was constitutional ineffective. We decline to consider this issue on direct appeal because the record is not sufficiently developed. *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010).

[2] Although there was testimony about the use of a drug-sniffing dog at the suppression hearing, there was no such testimony at trial.

[3] Sol Rey is also known as Magaro or Ramero.

kilograms of cocaine from North Carolina to Atlanta. The broker for the deal was a man named Saul. Agents, led by supervisory agent Robert Murphy, conducted surveillance of Saul's apartment. At that time, agents intercepted a call in which a person from North Carolina stated that he was in town and would meet Saul at the location from a previous meeting. Saul said that he was on his way, and agents watched Saul and a woman leave the apartment. The agents followed Saul to a shopping plaza where two trucks were waiting: a Toyota Tacoma and a Ford F-150. After Saul met with the trucks, all three vehicles drove to a pool hall before eventually driving to a house nearby. At that point, Saul made calls to his drug suppliers.

About thirty minutes later, Saul drove to another house, where he waited in the driveway before returning to the pool hall, where Saul and Sol Rey got into the Tacoma. Saul drove the Tacoma back to the house and into the garage. Based on intercepted calls, agents believed the drugs were moved to the Tacoma at this time. Everyone then left the house, returned to the pool hall to pick up the other car, and all three cars left. The Tacoma and the Ford F-150 drove to a Marriott Courtyard Hotel and parked in the rear of the building. Cruz exited the F-150, went to the hotel lobby, and requested a room overlooking the rear lot. Agents then arrested Cruz and the men outside.

3

Agent Jay Mortenson joined the other agents at the hotel. As he approached the Tacoma, he could smell cocaine. A search of the truck revealed ten kilograms of cocaine in a secret compartment. Inside the F-150, agents found multiple cell phones. Cruz had only $264, a cell phone, and some personal items on him. In his cell phone, police found contact information for Luis Espada, the owner of the F-150 and the Tacoma. Espada was in the Tacoma when he was arrested.

DEA agent Lourdes Bowen interviewed Cruz after his arrest. Cruz waived his rights and stated that he had come to Atlanta with Sol Rey in the Tacoma. He admitted that Sol Rey told him about the drugs when they arrived in Atlanta and that he had driven to Atlanta with Sol Rey to pick up drugs on one other occasion. He also admitted that he was paid $300 to drive to Atlanta with Sol Rey.

Based on this evidence, the jury convicted Cruz of both drug counts. The court sentenced Cruz to 120 months' imprisonment. This is Cruz's appeal.

I.

Cruz argues that the district court erred in denying his motion to suppress evidence because officers arrested him without reasonable suspicion, probable cause, consent, a valid warrant, or any exception to a warrant requirement.

In reviewing a denial of a motion to suppress evidence, we review the district court's "findings of fact for clear error and its application of law to those

4

facts *de novo*." *United States v. Ramirez*, 476 F.3d 1231, 1235 (11th Cir. 2007). We construe all factual findings in the light most favorable to the prevailing party—in this case, the government. *Id.* at 1235-36. Moreover, "we may consider any evidence presented at the trial of the case" and are not limited to the evidence introduced at the suppression hearing. *United States v. Villabona-Garnica*, 63 F.3d 1051, 1056 (11th Cir. 1995).

An officer may arrest a person without a warrant "if there is probable cause to believe that the suspect has committed or is committing an offense." *United States v. Lyons*, 403 F.3d 1248, 1253 (11th Cir. 2005). Probable cause exists when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (quotation omitted). "While presence alone is not enough to constitute probable cause, presence and additional factors that would lead a prudent person to believe that an offense has been or is being committed is sufficient." *United States v. Irurzun*, 631 F.2d 60, 63 (5th Cir. 1980).

Here, officers had a right to arrest Cruz without a warrant. Officers knew that Sol Rey was involved in a drug deal based on intercepted phone calls and

physical surveillance. From the time Cruz arrived in Atlanta, officers observed him in the same vehicle as Sol Rey, driving in tandem with the drug-laden Tacoma to the hotel, and trying to obtain a room with a view of the parking lot. Based on these observations, officers could reasonably believe that Cruz knew about the drug deal and was assisting Sol Rey in possessing the drugs. *See United States v. Gonzalez*, 969 F.2d 999, 1003-04 (11th Cir. 1992) (stating that observations of seemingly innocent conduct may contribute to probable cause in light of officers' knowledge and experience). Accordingly, officers had probable cause to arrest Cruz, and the district court did not err in denying his motion to suppress evidence.

## II.

Cruz argues that the evidence was insufficient to convict him of the drug conspiracy and possession charges because the only evidence was that of his mere presence and association.

We review *de novo* the sufficiency of the evidence to support a criminal conviction, viewing the "evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." *United States v. Frazier*, 605 F.3d 1271, 1278 (11th Cir. 2010). The government may prove its case through circumstantial evidence, "even if the jury

6

might draw other reasonable inferences from the circumstantial evidence." *United States v. Henry*, 920 F.2d 875, 877 (11th Cir. 1991).

"To support a conviction of conspiracy, the government must prove (1) that an agreement existed between two or more persons to commit a crime and (2) that the defendants knowingly and voluntarily joined or participated in the conspiracy." *United States v. Silvestri*, 409 F.3d 1311, 1328 (11th Cir. 2005) (quotation omitted). The existence of a conspiracy "may be proven by circumstantial evidence, including inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme. " *Id.* (quotation omitted). "The defendant may be found guilty of conspiracy even if he did not join the conspiracy until after its inception, and even if he plays only a minor role in the total scheme." *United States v. Delgado*, 56 F.3d 1357, 1367 (11th Cir. 1995) (quotation omitted). To sustain a conviction for aiding and abetting, the government must prove that the defendant "associated himself with a criminal venture, participated in it as something he wished to bring about, and sought by his actions to make it succeed." *Id.* (quotation omitted).

Viewed in the light most favorable to the government, the evidence at trial showed that Cruz drove Sol Rey from North Carolina to Atlanta so that Sol Rey could purchase about ten kilograms of cocaine. Cruz knew about the drug deal at

least upon arriving in Atlanta and, along with other persons involved in the venture, waited in the parking lot of a pool hall while Sol Rey and Saul went in a Toyota Tacoma to exchange cash for the cocaine at a nearby house. After Sol Rey purchased the drugs, Cruz and Sol Rey drove with the drug-laden Tacoma to a local hotel, where Cruz attempted to obtain a room overlooking the area where the Tacoma was parked, presumably to keep an eye on the valuable cargo.

Although there was no direct evidence presented to show that Cruz knew about the drugs, a reasonable jury could infer that Cruz knew of the conspiracy and willfully participated in it, attempting to further the success of the drug deal by driving Sol Rey, accompanying the drug-laden Tacoma, and trying to obtain a suitable hotel room. This is sufficient to sustain convictions for conspiracy and aiding and abetting. *See Delgado*, 56 F.3d at 1367; *Henry*, 920 F.2d at 878 ("Even if the inference relied upon by [defendant] does rise to the level of a reasonable hypothesis, it is not necessary that the [government's] evidence exclude every reasonable hypothesis of innocence.").

**AFFIRMED.**