[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15653
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00191-MHT-SRW-10

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERY NOLAN BENNETT,
a.k.a. Jiffy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 1, 2013)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Jeffery Bennett appeals his conviction for conspiracy to possess with intent to distribute 280 grams or more of crack cocaine and a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846.  Bennett was convicted pursuant to a plea agreement, in which the government agreed, among other things, to move for a downward departure of at least one level pursuant to U.S.S.G. § 5K1.1 for Bennett's substantial assistance.  After the government moved for a three-level, § 5K1.1 reduction, and prior to sentencing, Bennett filed a motion to withdraw his guilty plea.  He claimed that the government had represented that its § 5K1.1 motion would result in a sentence of well below 15 years' imprisonment, and its motion for a 3-level reduction was insufficient to reach such a sentence. Because he relied on the government's representation in pleading guilty, he argued, his guilty plea was not knowing and voluntary.  At the hearing on his motion, Bennett also argued that his counsel had assured him that he would receive a sentence of well below 15 years.  However, Bennett later stated at the hearing that he was not told that he would receive a sentence below 15 years, but was told that the government would recommend such a sentence.  The district court denied the motion to withdraw the guilty plea, finding that no such promise was made, and ultimately sentenced Bennett to 188 months' (15.6 years) imprisonment.

On appeal, Bennett argues that the district court should have allowed him to withdraw his guilty plea because: (1) he did not enjoy close assistance of counsel

2

because his counsel was ineffective; (2) he did not know and understand the consequences of his guilty plea because of his limited mental capacity and paranoia; and (3) the government and his counsel promised him a sentence below 15 years. After careful review, we affirm.

We review the denial of a request to withdraw a guilty plea for abuse of discretion. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). After the district court has accepted the guilty plea and before sentencing, a defendant may withdraw a guilty plea if he can show a "fair and just reason for requesting the withdrawal." Id. (quoting Fed.R.Crim.P. 11(d)(2)(B)). In determining whether the defendant has met his burden of showing a "fair and just reason," we consider: (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea. Id. We review issues not raised in the district court for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Under plain error review, we may not reverse the district court unless: (1) there is an error; (2) that is plain; and (3) affects substantial rights. "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

To begin with, Bennett appears to argue for the first time on appeal that he did not receive close assistance of counsel because his counsel was ineffective. We will not generally consider a claim of ineffective assistance of counsel that was not raised in the district court unless a factual record was developed. United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010). The Supreme Court has held that the preferred vehicle for deciding an ineffective assistance of counsel claim is a 28 U.S.C. § 2255 motion, "even if the record contains some indication of deficiencies in counsel's performance." Id. at 1328-29 (quotation omitted).

To the extent that Bennett raises an ineffective-assistance-of-counsel claim, we do not consider it. See id. at 1328. At the motion hearing, Bennett's counsel disputed that he promised Bennett any sentence, but said that he could not reveal more because of the attorney-client privilege. Because the record is not clear about what defense counsel said to Bennett regarding any side agreement with the government, we cannot determine at this stage whether counsel was ineffective.

We are also unpersuaded by Bennett's argument -- also raised the first time on appeal -- that he did not understand the consequences of his guilty plea because of his limited mental capacity and his paranoia. As the record shows, during the plea colloquy, Bennett affirmed that he understood the magistrate judge and the plea agreement, and no concerns were raised regarding Bennett's mental capacity. The magistrate found that Bennett was fully competent, aware of the nature of the

4

charges and the consequences of the plea, and that his plea was knowing and voluntary. Furthermore, at the hearing on Bennett's motion to withdraw his plea, both Bennett and his counsel said that Bennett could read and write.

Moreover, although the court said that it was concerned that Bennett had mental issues, it discussed those in terms of providing mental health counseling while Bennett was under supervision as part of his sentence -- not in the context of whether his guilty plea was involuntary due to those issues. And while the psychological report found that Bennett "appears to have evidence of Paranoid Personality Disorder," it also found that "[t]here was no behavioral evidence of responding to auditory or visual hallucinations, delusions, or paranoia. Insight appeared fair. Judgment appeared marginal." It also noted that Bennett was "oriented to person, place, and time," and "appeared to comprehend instructions without difficulty." Thus, based on the psychological report, it is unclear how Bennett's paranoia affected his ability to understand his guilty plea. Neither does Bennett's conclusory assertion explain the significance of his paranoia. In short, the district court committed no error, plain or otherwise, when it found that Bennett was competent to enter his guilty plea. See Rodriguez, 398 F.3d at 1298.

Finally, to the extent that Bennett argues that that his plea was unknowing and involuntary because the government and his counsel promised him that he would receive a sentence below 15 years, this argument is belied by the record. In

particular, the plea agreement made no such promise; at most, the government promised in the plea agreement to recommend a two-level reduction in Bennett's offense level for acceptance of responsibility, and to move for departure of at least one level for Bennett's substantial assistance. Further, at the motion hearing, Bennett expressly told the court that he understood that the government "was going to make a recommendation" for him to receive a sentence below 15 years -- not that he was actually going to receive such a sentence. Thus, this issue was conceded by Bennett.

Accordingly, Bennett did not show any "fair and just reason" to withdraw his guilty plea, the denial of the motion to withdraw the plea was not an abuse of discretion. See Brehm, 442 F.3d at 1298.

**AFFIRMED.**