[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15853
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00004-WLS-TQL-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMIAH JENKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 5, 2013)

Before WILSON, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Jeremiah Jenkins appeals his convictions, following a jury trial, for (1) theft of firearms from a licensed dealer, in violation of 18 U.S.C. §§ 924(m) and 2; (2) possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2); (3) interstate transportation of stolen firearms, in violation of 18 U.S.C. §§ 922(i), 924(a)(2), and 2; and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2.  On appeal, Mr. Jenkins raises five claims of ineffective assistance of trial counsel and also argues that the prosecutor's statements during her closing argument amounted to prosecutorial misconduct.

## I.

First, Mr. Jenkins argues that his trial counsel was ineffective because he failed to: (1) question whether a prospective juror could be fair and impartial where she previously served as a witness in a murder case of her best friend's child; (2) cross-examine store owners about the reliability of their surveillance systems; (3) impeach Officer Greg Long about the inconsistency in his testimony regarding whether he searched Mr. Jenkins' motel room; (4) move to dismiss the indictment based on the misspelling in Mr. Jenkins' name; and (5) object to certain statements made by the prosecutor during her closing argument.

We will not generally review a claim of ineffective assistance of counsel on direct appeal when the claim has not been heard by the district court, and a factual

2

record has not been developed. *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010). The preferred vehicle for deciding a claim of ineffective assistance is through a 28 U.S.C. § 2255 motion, even if the record contains some indications that counsel's performance was deficient. *Id.*

Here, we cannot review Mr. Jenkins' five ineffective assistance claims because the record is not sufficiently developed. *See Patterson*, 595 F.3d at 1328. There is no testimony from defense counsel regarding decisions he made at *voir dire* or during trial, and we are unable to determine, based on the trial transcript, how his decisions related to his trial strategy. All of defense counsel's alleged deficiencies (choosing not to strike a potential juror, choosing not to raise objections during the prosecutor's closing argument, etc.) may have been reasonable strategic decisions, and we cannot evaluate them without a more complete record.

## II.

Next, Mr. Jenkins argues that the prosecutor's statements during her closing argument amounted to prosecutorial misconduct. There are three statements at issue.[1] Mr. Jenkins argues that two of the statements improperly expressed the

---

[1] The statements are as follows:
   (1) "And that he knew at the time they were stolen. Well, of course, he did. He's the one that stole them."
   (2) "I'm going to tell you whodunit. Jeremiah Jenkins and Kevin Williams."
   (3) "[Vanessa White testified that Jenkins said to her:] Well, we broke in the gun store."
   Ms. White actually testified that Jenkins said: "We just did something."

3

prosecutor's belief in Mr. Jenkins' guilt and that the third misstated a witness' testimony.

Prosecutorial misconduct exists where (1) the remarks in question are improper, and (2) they prejudicially affect the substantial rights of the defendant, i.e., there is a reasonable probability that the outcome of the trial would have been different but for the remarks. *United States v. Wilson*, 149 F.3d 1298, 1301 (11th Cir. 1998). A prosecutor may voice a personal opinion so long as he indicates it is based on evidence in the record. *See United States v. Adams*, 799 F.2d 665, 670 (11th Cir. 1986) ("A prosecutor may say, 'I believe the evidence has shown the defendant's guilt, [but not,] I believe that the defendant is guilty.'") (quotation marks and citation omitted). "[W]hen the record contains sufficient independent evidence of guilt, any error was harmless." *United States v. Capers*, 708 F.3d 1286, 1298 (11th Cir. 2013) (quoting *United States v. Newsome*, 475 F.3d 1221, 1227 (11th Cir.2007)).

We conclude that, while the prosecutor's comments in this case were potentially improper,[2] the evidence at trial was so overwhelming that any improper statements could not have prejudiced Mr. Jenkins. *See United States v. McLean*,

---

[2] As to the prosecutor's statements regarding Mr. Jenkins' guilt, it is a close call as to whether they are improper. On the one hand, they baldly state the prosecutor's belief that Jenkins is guilty; on the other hand, they are surrounded by references to the evidence, such that an implicit "based on the evidence" may be read into them. As to the prosecutor's summation of Vanessa White's testimony, it was in fact slightly inaccurate. Ms. White did not testify that Jenkins said: "We broke in the gun store." She merely testified that Jenkins said: "We just did something." In context, the jury could easily infer that "something" referred to robbing the store.

138 F.3d 1398, 1403 (11th Cir. 1998) ("[Defendant] cannot show prejudice in the face of overwhelming evidence."). The jury saw numerous surveillance videos and photographs, and Officer Long testified that the surveillance showed two individuals walking along the street in front of various stores toward the site of the robbery and then running away while carrying guns in pillowcases or bags. Officer Long identified Mr. Jenkins and codefendant Kevin Williams in the photographs and videos, and testified that clothing seen in Mr. Jenkins' motel room matched the clothing worn by the individual in the videos and photographs. The testimony of three other witnesses directly tied Mr. Jenkins to the stolen guns and the vehicle used to transport them. Given this overwhelming evidence, the same outcome would very likely have resulted even without the prosecutor's remarks. Thus, Mr. Jenkins cannot establish prejudice, and his prosecutorial misconduct claim fails.

**AFFIRMED.**