[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10908
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00046-RS-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SARA MARI HOEHN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 21, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

A grand jury returned an indictment charging Sara Mari Hoehn with three

counts:  conspiring to possess with intent to distribute methamphetamine, 21

U.S.C. § 846 (Count 1); manufacturing and possessing with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count 2); and possessing a sawed-off shotgun in furtherance of a drug-trafficking crime, 18 U.S.C. §§ 2, 924(c)(1)(A)(i), (c)(1)(B)(i)  (Count 3).  After a jury trial, she was found guilty on all three counts.  She was sentenced to 331-months imprisonment.

Hoehn raises two challenges on appeal.   First, she argues that the district court erred in denying her motion for judgment of acquittal regarding Count 3 because she did not actually possess the shotgun and the evidence was insufficient to show that she constructively possessed it.  Second, she argues that the district court erred in using the drug quantity estimate in her Presentence Investigation Report (PSR).[1]  After careful review, we affirm.

**I.**

At trial Hoehn moved for judgment of acquittal on Count 3, arguing there was insufficient evidence to show that she constructively possessed the shotgun. We review de novo a district court's denial of a motion for judgment of acquittal based on sufficiency of the evidence.  United States v. Capers, 708 F.3d 1286, 1296 (11th Cir. 2013).  We view the evidence in the light most favorable to the government and interpret all inferences and credibility choices by the jury in a

---

[1] Hoehn does not challenge her convictions on Counts 1 and 2, and thus any claims in this respect are abandoned.  United States v. Levy, 416 F.3d 1273, 1275–76 (11th Cir. 2005) (per curiam).

manner that supports the jury's verdict.  United States v. Williams, 390 F.3d 1319, 1323 (11th Cir. 2004).  We affirm a conviction so long as a reasonable juror could have found the defendant guilty beyond a reasonable doubt.  Id. at 1324.

To convict a person of possession of a firearm in furtherance of a drug trafficking crime, the government must prove (1) possession and (2) a connection to a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A).  Possession includes constructive possession, meaning the person had both the "power or right" and "dominion and control" over the gun.  United States v. Perez, 661 F.3d 568, 576 (11th Cir. 2011) (per curiam).  Possession may be sole or joint.  Id. at 578 n.12; see also United States v. Garcia, 655 F.2d 59, 62 (5th Cir. Unit B Sept. 1981)[2] ("Constructive possession can be joint, as when more than one person occupy a room containing the item.").  The government can prove constructive possession through evidence showing the defendant's ownership, dominion, or control over the firearm itself or the place where the firearm was located.  United States v. Cochran, 683 F.3d 1314, 1320 (11th Cir. 2012).  "We have found control of premises to be enough to uphold a conviction on a sufficiency of the evidence challenge."  Id.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.  Id. at 1209.

3

Hoehn was arrested at a hotel after the police received a tip that individuals were manufacturing methamphetamine in room 309 and were armed with a shotgun and pistol. Three or four officers entered the room with guns drawn and saw Hoehn crouched down between the bed and the bar. One police officer testified that a shotgun was within "easy reach" and "somebody could snatch that gun and shoulder or hip it just in a blink of an eye. It wouldn't take but one move to pick that weapon up and have it at the ready." An agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives testified that the fact that there were two firearms in the room was relevant because it was evidence that the methamphetamine lab in the room was a two-person operation. He also described the placement of the shotgun as "grab and go." A different police officer testified that the shotgun looked like it was "ready to be grabbed at a moment's notice to be used." The shotgun was loaded.

Given this record, a jury could have reasonably inferred that Hoehn constructively possessed the shotgun. She exercised dominion or control over the room in various ways. For example, she requested to be moved to the room where she was arrested from a different room in the hotel. She also personally requested various items for the room from the front desk. Further, a juror could reasonably infer her dominion over the room from evidence that she established it as her temporary residence, including the presence of an overnight bag with personal

4

items including a notebook labeled "Sara's" that tested positive for Hoehn's fingerprints. And Hoehn's proximity to the loaded shotgun provided additional evidence of constructive possession. Therefore, we affirm in this respect.

## II.

Because Hoehn argues for the first time on appeal that the district court erred in using the drug quantity of 734.2 grams of methamphetamine from her PSR, we review for plain error. United States v. Patterson, 595 F.3d 1324, 1326 (11th Cir. 2010). Under plain-error review, we will only reverse if Hoehn shows (1) an error, (2) that is plain, and (3) that error affects her substantial rights. United States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006) (per curiam). "A substantial right is affected if the appealing party can show that there is a reasonable probability that there would have been a different result had there been no error." Id. at 831–32.

A "reasonable probability" with respect to the third prong of the plain-error test is one that is "sufficient to undermine confidence in the outcome" in light of the record as whole. United States v. Rodriguez, 398 F.3d 1291, 1299, 1304–05 (11th Cir. 2005) (quotation marks omitted). If the effect of an error is "uncertain or indeterminate" then Hoehn has not met her burden with respect to this prong. Id. at 1301. She "must prove more than that the record is consistent with [her] argument; [she] must show that the error actually did make a difference." United

5

States v. Davila, 749 F.3d 982, 997 (11th Cir. 2014) (per curiam) (quotation marks omitted).

For cases involving a mixture or substance containing a controlled substance, the guideline commentary instructs courts to deduct any unusable portions of the mixture to calculate the weight of the mixture or substance attributable to the defendant for sentencing purposes. See United States Sentencing Guidelines (USSG) § 2D1.1, comment. (n.1); see also United States v. Jackson, 115 F.3d 843, 847 (11th Cir. 1997) ("[T]he entire weight of drug mixtures which are usable in the chain of distribution should be considered in determining a defendant's sentence." (emphasis added)). Section 2D1.1(c)(4) of the Guidelines provides a base offense level of 32 where a defendant manufactures at least 500 grams but less than 1.5 kilograms of methamphetamine. USSG § 2D1.1(c)(4). Section 2D1.1(c)(5) provides a base offense level of 30 for at least 350 grams but less than 500 kilograms of methamphetamine. Id. § 2D1.1(c)(5). A total offense level of 35 and a criminal history category of II yields a guideline range of 188–235-months imprisonment, whereas a total offense level of 33 with the same criminal history category yields a 151–188-month range. See USSG Ch. 5, Pt. A (Nov. 2012).

A police investigator testified that the methamphetamine-making ingredients in Hoehn's hotel room would have converted into over one thousand grams of

6

methamphetamine.  The police sent 468.2 grams of seized liquids from six different sources to a crime lab, and all six tested positive for methamphetamine.  But not all of the liquid in the room was tested, and not all of the liquid was necessarily pure methamphetamine.  As noted, the PSR used the figure of 734.2 grams, but included no detail about how that precise amount was calculated.  Neither the district court nor the parties discussed the weight of the methamphetamine assigned to Hoehn at her sentence hearing.  The district court adopted the facts and sentencing calculations in the PSR.

Here, even if the district court committed plain error by failing to subtract the unusable portion of the seized methamphetamine mixtures in calculating the drug weight for which Hoehn was responsible, it still would not warrant reversal.  Hoehn has failed to show by a reasonable probability that the error affected her total sentence.  There is no evidence that any deduction would have resulted in a net usable mixture of less than 500 grams, the amount necessary to lower the guideline range used by the court.  The testimony at trial merely suggested that some of the supposed 734.2 grams might not be usable product.  Without evidence as to how much of that amount would have been subtracted as unusable under the guidelines, we can at most speculate as to the effect of any erroneous calculation.  But that is not enough.  Because the effect of any error on the outcome is "uncertain or indeterminate," Hoehn has failed to show that her sentence would

7

have been different but for the error.  <u>Davila</u>, 749 F.3d at 997.  Thus, her challenge fails under the third prong of plain-error review.

**AFFIRMED.**