[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15052
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00074-RBD-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SARAH JAYNE ADLETA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 8, 2014)

Before ED CARNES, Chief Judge, TJOFLAT and JORDAN, Circuit Judges.

PER CURIAM:

Sarah Jayne Adleta challenges her 54-year prison sentence, imposed after

she pleaded guilty to two counts of sexual exploitation of a minor.  She contends

that the district court erred in calculating her guidelines range under the United States Sentencing Guidelines.

## I.

Adleta pleaded guilty to two counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), for her role in sexually abusing her three-year-old daughter and two-year-old son.  Her presentence investigation report (PSR) calculated an adjusted offense level of 46 for Count 1 and an adjusted offense level of 42 for Count 2.  Applying a multiple count adjustment, the PSR arrived at a combined adjusted offense level of 48.  Five points were added to that offense level because Adleta was a repeat and dangerous sex offender, and three points were subtracted because she had accepted responsibility for her crimes.  That would have brought her total enhanced offense level to 50, but because the sentencing guidelines make 43 the maximum level possible, her offense level became 43.  That offense level, together with Adleta's criminal history category of I, yielded a guidelines range of life imprisonment.

The statutory maximum sentence on each count, however, was 30 years.  See 18 U.S.C. § 2251(e).  Because the 30-year statutory max was less than her guidelines range of life, the PSR concluded that under U.S.S.G. § 5G1.2(d) the 30-year terms for Counts 1 and 2 should run consecutively, resulting in a final

2

guidelines range of 60 years imprisonment.[1]  Adleta did not object to that guidelines range or to any of the other calculations in the PSR, which the district court adopted.

At the sentence hearing, the government asked the district court to depart downward under § 5K1.1 to account for the assistance that Adleta had given in the prosecution of three other sex offenders.  The court granted the downward departure, reducing Adleta's sentences on Counts 1 and 2 from 30 years to 27 years, but it imposed the sentences consecutively, which resulted in a final sentence of 54 years.  After the sentence was imposed, Adleta objected "on procedural . . . reasonableness grounds" saying simply that the intention of the parties when entering into the plea agreement had been a sentence "somewhere in the range of 27 years" and that "the sentence is excessive."  This is her appeal.

II.

We typically review the procedural reasonableness of a sentence under an abuse of discretion standard.  United States v. Irey, 612 F.3d 1160, 1186 (11th Cir. 2010) (en banc).  But because Adleta failed to object before the district court on

---

[1] Section 5G1.2(d) applies when:  (1) a defendant has been convicted of multiple counts; (2) at least one of those counts has a statutory maximum; and (3) the guidelines sentence is higher than the highest statutory maximum.  See United States Sentencing Guidelines § 5G1.2(d) (Nov. 2012).  In such a case, § 5G1.2(d) instructs courts to impose consecutive sentences on the different counts up to the guidelines range.  Id.  For instance, if a defendant is convicted of two different counts, one with a maximum sentence of 30 years and another with a maximum of 20 years, and if the defendant's guidelines range is 40 years, § 5G1.2(d) would instruct the sentencing court to impose consecutive sentences on the two counts to achieve a total sentence of 40 years.

the ground she now asserts on appeal, our review is only for plain error.  See

United States v. Patterson, 595 F.3d 1324, 1326 (11th Cir. 2010); United States v.

Massey, 443 F.3d 814, 819 (11th Cir. 2006) ("[F]or a defendant to preserve an

objection to her sentence for appeal, she must raise that point in such clear and

simple language that the trial court may not misunderstand it.  When the statement

is not clear enough to inform the district court of the legal basis for the objection,

we have held that the objection is not properly preserved.") (citation and quotation

marks omitted).  To establish plain error, Adleta must show (1) an error, (2) that is

plain, (3) that affects her substantial rights, and (4) that seriously affects the

fairness, integrity, or public reputation of judicial proceedings.  Patterson, 595 F.3d

at 1326.

Adleta contends that her guidelines range was 27 to 30 years — not 60 years

as the district court determined.  That contention fails.  Adleta's combined offense

level of 43 and her criminal history category of I yielded a guidelines range of life.

But because she was limited by statute to 30-year sentences on each count,

§ 5G1.2(d) instructed the court to run the two sentences consecutively, resulting in

a guidelines range of 60 years.  The district court did not err, much less plainly err,

in concluding that Adleta's guideline range was 60 years imprisonment.

**AFFIRMED.**

4