[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10144
Non-Argument Calendar
_____

D.C. Docket No. 7:13-cr-00201-LSC-HGD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO TREMAIN LOCKETT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 13, 2014)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Antonio Tremain Lockett was convicted, pursuant to a plea agreement, of

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He

now appeals his conviction and 70-month sentence, arguing that his court-appointed trial counsel rendered ineffective assistance by advising him to sign a plea agreement that unnecessarily admitted that he used the firearm during an armed robbery.  Lockett believes his counsel should have known that the facts set forth in the plea agreement (1) were not necessary for conviction under § 922(g)(1), (2) would likely be used to, and indeed were used to, enhance his sentence under United States Sentencing Guideline (USSG) §§ 2K2.1(c), 2X1.1, and 2B3.1, and (3) would all but assure his conviction for robbery in his still-pending state proceeding.  Given the state of the record on appeal, we decline to pass on Lockett's ineffectiveness claim at this time.

"We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record."  United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002).  Even in those cases where the record "contains some indication of deficiencies in counsel's performance," a motion for habeas corpus under 28 U.S.C. § 2255 remains "[t]he preferred means for deciding a claim of ineffective assistance of counsel."  United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010) (quotation mark omitted).

Although this case presents a close call, our general rule favoring resolution of ineffectiveness claims in habeas proceedings should be applied.  There is much

2

about this case that gives us pause.  For example, it seems clear that any competent counsel would have been aware that Lockett's plea agreement included an admission that he possessed the firearm in connection with a robbery.  Even so, the record here strongly suggests that Lockett's counsel failed to understand this.  Counsel's written objection to the application of the sentence enhancement states that Lockett "maintains that he did not participate or use any firearm in any other offense."  Counsel went on during the sentence hearing to explain that the enhancement should not be applied because the robbery charges were "still pending, not yet been proven."  Of course, that no longer mattered given Lockett's admission of the factual basis in his guilty plea, which, it bears mention, his counsel did not attempt to withdraw before or during the sentence hearing.  Nevertheless, the question of whether the advice Lockett received could possibly meet the minimum standard of professional competency set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), will be left for another day.

We do not think the record is sufficiently developed at this stage for us to fully and fairly decide whether Lockett's counsel's performance was deficient, or whether he was prejudiced by deficient performance.  Because Lockett did not challenge his counsel's competency before the District Court, there is no direct evidence about what advice counsel did give, and what Lockett's reaction to that advice was.  What we do know from the hearing on counsel's motion to withdraw

is that there was some dispute about what advice was and was not given during the plea process.  Resolution of Lockett's ineffective assistance of counsel claim would thus benefit greatly from the development of a more comprehensive record in a collateral attack brought under 28 U.S.C. § 2255.  For this reason, we decline to resolve the issue in this appeal.

**AFFIRMED.**