[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13129
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cr-00412-VEH-SGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER SHAWN LINTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 23, 2015)

Before TJOFLAT, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Christopher Shawn Linton was caught operating a Ponzi scheme. The principal victims were investors in Integrity Capital LLC, a firm he had formed and was managing. Contrary to Linton's fraudulent misrepresentations, the victims' investments were not used to acquire the ownership of Integrity Capital, Inc. Instead, Linton used their investments to line his own pockets. He effectively stole $2,519,517 from twelve investors. In addition, his fraudulent statements to a bank induced it to loan Southlake Real Estate Group LLC, an entity he was managing, $908,650 and thereafter to sustain a loss of $19,850. In the end, Linton pleaded guilty to five counts of a twenty-one count indictment: Count 1, wire fraud, 18 U.S.C. § 1343; Count 8, mail fraud, 18 U.S.C. § 1341; Count 16, money laundering, 18 U.S.C. § 1957; Count 19, securities fraud, 15 U.S.C. §§ 77q(a)(1) and (x); and Count 21, bank fraud, 18 U.S.C. § 1344.

At sentencing, the District Court determined the applicable Guidelines sentence range to be 57 to 71 months' imprisonment. Linton asked for a sentence of probation with special conditions of home confinement and community service. He argued that he had been battling undiagnosed bipolar disorder when he committed his crimes, and submitted a psychiatric evaluation purportedly containing a bipolar disorder diagnosis. The court found that the evaluation was not a diagnosis of bipolar disorder. Instead, Linton had told the evaluating doctor that he previously had been diagnosed with bipolar disorder, and the doctor "took

2

him at his word."  The court rejected Linton's sentencing request and sentenced

him to concurrent prison terms of 71 months on Counts 1, 8, 16 and 21, and 60

months on Count 19.

Linton appeals his sentences, arguing (1) that the District Court erred in

ruling that he failed to show that he was suffering from a bipolar disorder, and (2)

that his attorney's failure to object to the ruling constituted ineffective assistance of

counsel.  We affirm.

At sentencing, the District Court addressed Linton's evidence that he was

suffering from a bipolar disorder thusly:

> The document filed under seal, which your attorney
> believes shows a diagnosis of bipolar disorder and which is
> signed by Steven Bonner M.D., and it's dated 9-13-2012 as
> to the signature and 9-12-2012 as to the date I guess it was
> dictated, actually, isn't a diagnosis of bipolar disorder, as I
> read it. He came in and his history – in his history, he said he
> previously had been diagnosed with bipolar disorder. That's
> in paragraph B at the third line. So this doctor took him at his
> word. Lots of people took Mr. Linton at his word. There is no
> indication on here that any test was administered to Mr.
> Linton upon which a doctor could base a diagnosis of bipolar
> disorder.
> So I think it's a reasonable inference for me to think
> that he just said he suffered bipolar disorder and his most
> recent episode and what it was and how strong it was. I don't
> find it to be a diagnosis of bipolar disorder. There may be
> one, but I don't find it to be one.

Doc. 46 at 78-79.  The court later said, "You talked about your disease having

control of your mind, your disease, which I'm still not convinced you have, I've

still seen no diagnosis of, I'm not qualified to render a diagnosis, so I won't venture there." *Id.* at 80.

Linton properly concedes that he did not object to the District Court's ruling. We therefore review it for plain error. Linton points us to no authority indicating that the ruling was error, much less plain error. His first argument therefore fails.

We routinely decline to address on direct appeal an argument, like Linton's second argument, that defense counsel rendered ineffective assistance in violation of the Sixth Amendment. "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion," where the record can be developed as to why counsel's performance may, or may not, have been constitutionally inadequate. *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (quotation omitted). In this case, however, given the record before us, we can consider and dispose of the argument.

Linton asked for a non-incarcerative sentence in a facility where he could receive mental health treatment, because his bipolar disorder caused him to act out of character. The court found that a non-incarcerative sentence would not adequately promote respect for the law, but also recommended that Linton be placed in a facility that focused on mental health. Since the court accounted for Linton's mental health problems while fashioning a sentence within the Guidelines sentence range, he cannot show a reasonable probability that the result of the

4

proceeding would have been different had counsel objected to the court's finding that his proffered psychiatric evaluation did not constitute a bipolar disorder diagnosis.

AFFIRMED.