[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10362
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cr-00008-LGW-RSB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARRON BERNARD CLARK,
a.k.a. AC,
a.k.a. Mayor,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 22, 2016)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Arron Clark appeals his 300-month sentence after pleading guilty to conspiracy to distribute controlled substances, 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) claiming ineffective assistance of counsel.  The government again asserts that Clark's appeal should be dismissed pursuant to the appeal waiver in Clark's plea agreement.  We denied the government's previously filed motion to dismiss because Clark challenged the validity of his guilty plea on the basis of ineffective assistance of counsel.

I.

As an initial matter, the appeal should not be dismissed pursuant to the appeal waiver.  Under the law-of-the-case doctrine, when we have previously decided on a rule of law, that decision continues "to govern the same issues in subsequent stages in the same case." *United States v. Siegelman*, 786 F.3d 1322, 1327 (11th Cir. 2015), *cert. denied*, 136 S. Ct. 798 (2016) (emphasis omitted).  A previous decision, be it a finding of fact or conclusion of law, "binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal." *United States v. Anderson*, 772 F.3d 662, 668 (11th Cir. 2014) (internal quotation marks omitted).  Because we previously denied the government's motion to dismiss pursuant to Clark's appeal waiver, concluding that Clark's ineffective assistance of counsel

2

claim is not barred, a conclusion to the contrary is precluded by the law of the case doctrine.  *See Siegelman*, 786 F.3d at 1327.

## II.

Clark argues that his trial counsel was ineffective during plea negotiations because he did not explain the need to seek a downward departure for substantial assistance, and because he did not seek immunity for cooperating with the government.

When appropriate, we review a claim of ineffective assistance of counsel de novo, but generally, we will not consider these claims "where the district court did not entertain the claim nor develop a factual record."  *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).  The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion, "even if the record contains some indication of deficiencies in counsel's performance."  *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (internal quotation marks omitted).  Because the extent and quality of Clark's trial counsel's advice regarding the plea negotiations cannot be sufficiently ascertained from the record, we decline to review Clark's ineffective-assistance-of-counsel claim on direct appeal.  *See id.*  Accordingly, we affirm.

**AFFIRMED.**