[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10027
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60089-JIC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWAYNE SOLOMON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 27, 2014)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Dwayne Solomon, acting pursuant to a plea agreement, pled guilty to Count

One of a three-count indictment that charged him and two others with conspiring to

defraud the United States by presenting to the IRS a claim for payment of a $226,930 federal income tax refund which was fictitious, in violation of 18 U.S.C. § 286, and the District Court sentenced him to a prison term of 24 months, a sentence at the low end of the Guidelines sentence range of 24 to 30 months. He now appeals his sentence.

On appeal, Solomon argues that his trial counsel provided ineffective assistance at sentencing by misunderstanding the applicable law, directing the District Court's attention to Solomon's criminal history, and failing to highlight factors that supported a downward variance from the Guidelines sentence range. He also argues that the District Court plainly erred when it considered a presentence investigation report ("PSI") citing, in its criminal history section, four arrests unaccompanied by information regarding the circumstances of the arrests.

We do not consider Solomon's ineffective assistance of counsel argument because the record, as it would relate to that argument, is entirely undeveloped. Claims of ineffective assistance of trial counsel are, almost without exception, developed in a proceeding under 28 U.S.C. 2255. *See* <u>United States v. Patterson</u>, 595 F.3d 1324, 1328 (11th Cir. 2010). We therefore move to Solomon's plain error argument.

An appellant establishes plain error by showing that: "(1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights in that it was

2

prejudicial and not harmless." *United States v. Perez*, 661 F.3d 568, 583 (11th Cir. 2011).  If he can also establish that the error seriously affected the fairness, integrity, or public reputation of the proceeding, we have discretion to vacate the judgment and remand the case for further proceedings.  *Id.*  If the "explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Solomon points us to no such authority holding that a district court errs simply by looking at a presentence report that cites arrests unaccompanied by information regarding the circumstances of the arrests.  This no doubt explains why he did not object to his sentence when, following its imposition, the court asked him if he had any objections.  Since no statute or rule or controlling judicial precedent informed the District Court that it would be committing error if it looked at Solomon's presentence report, no error and therefore no plain error occurred.

AFFIRMED.