[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11959
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00320-TCB-GGB-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY CHESTER,
a.k.a. Poo Tang,
a.k.a. Jerry Saunders,
a.k.a. Rodrigus Harris,
a.k.a. Montrez Saunders,
a.k.a. Tang,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 27, 2016)

Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jerry Chester, proceeding pro se, appeals his conviction for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846.  No reversible error has been shown; we affirm.

Pursuant to a written plea agreement, Chester pleaded guilty to one count of conspiracy to possess cocaine.  In exchange, the government agreed to dismiss the remaining eight counts against Chester for other drug and firearm offenses.  At the plea colloquy, the district court accepted Chester's guilty plea and later imposed a below-guidelines sentence of 264 months' imprisonment.

On appeal, Chester contends he received ineffective assistance of counsel during the plea negotiations.  In particular, Chester says that his trial lawyer misrepresented the terms of the written plea agreement by telling Chester that, in exchange for pleading guilty, the charge against Chester would be reduced to a lesser-degree offense.  Chester argues that, but for his lawyer's misrepresentation, he would not have pleaded guilty.  Therefore, he says his plea was not knowing and voluntary.

2

In general, we will not "consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim or develop a factual record." United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). Instead, "[t]he preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance." United States v. Patterson, 595 F.3d 1324, 1328-29 (11th Cir. 2010) (quotation omitted) (citing Massaro v. United States, 123 S. Ct. 1690 (2003).

Chester raises his claim of ineffective-assistance-of-counsel for the first time on direct appeal. The record contains no information about the conversations Chester had with his trial lawyer during the plea negotiation process or about conversations on the terms of the plea agreement. Because the record is not yet sufficiently developed on this issue, we decline to consider Chester's ineffective-assistance-of-counsel claim on direct appeal. He is free to attempt to assert the claim per 28 U.S.C. § 2255.

AFFIRMED.