[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15574
Non-Argument Calendar
_____

D.C. Docket No. 8:99-cr-00240-RAL-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO CESAR CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 4, 2017)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Julio Cruz appeals his 48-month sentence, imposed following revocation of his supervised release. On appeal, he asserts that his sentence is procedurally and substantively unreasonable. He also argues that his attorney was ineffective, and asks us to review this claim on direct appeal. After careful review, we affirm.

I.    **BACKGROUND**

In 1999, Defendant pled guilty in the U.S. District Court for the Middle District of Florida to conspiring to distribute heroin, in violation of 21 U.S.C. § 846, and was sentenced to 120 months' imprisonment, followed by 8 years of supervised release. Defendant began serving his term of supervised release in January 2008, and before the term expired, the probation officer filed a petition recommending revocation of his supervised release.

According to the petition, Defendant had violated a condition of his supervised release by committing new criminal conduct. Specifically, in 2012, Defendant was charged in the Southern District of New York with drug conspiracy. Defendant later pled guilty to conspiracy to distribute 1 kilogram or more of heroin and 5 kilograms or more of cocaine. At the time of sentencing in October 2015, Defendant had already served 33 months' imprisonment. The district court ultimately sentenced Defendant to time-served, followed by 5 years of supervised release.

2

At a subsequent revocation hearing in the Middle District of Florida, Defendant admitted that he had violated the terms of his supervised release as manifested by his guilty plea to the drug conspiracy charge. This new criminal conduct constituted a Grade A violation, and with a criminal history category of VI, the guideline range was 51 to 63 months' imprisonment, with a statutory maximum of 60 months. The prosecutor requested a sentence within the guideline range, and stated that he was "amazed" that Defendant was given a time-served sentence in New York, especially given that Defendant faced a mandatory-minimum term of ten years' imprisonment. Although there was no record of a U.S.S.G. § 5K1.1 substantial-assistance motion, the federal prosecutor in New York had informed the Government that Defendant received a sentence of time-served based on his cooperation. The district court noted that although there was no substantial-assistance motion in the record and that many of the sentencing documents were sealed, there was "[n]o question [Defendant] got a sweetheart deal."

Concluding that Defendant had violated the conditions of his supervised release, the district court revoked his supervised release and sentenced him to 48 months' imprisonment. The district court stated that it had considered the 18 U.S.C. § 3553(a) factors in imposing Defendant's sentence. Defendant did not object to the sentence, and this appeal followed.

3

## II.    DISCUSSION

### A.    Reasonableness of the Sentence

Under 18 U.S.C. § 3583(e), if a district court finds that a defendant has violated the terms of his supervised release, the court may revoke the supervised release and impose an imprisonment sentence after considering certain factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3583(e)(3).  We review a sentence imposed upon revocation of supervised release for reasonableness.  *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006); *see also Gall v. United States*, 552 U.S. 38, 46 (2007) (explaining that the Court applies an abuse of discretion standard when reviewing for reasonableness).

When reviewing the reasonableness of a sentence, we first look to whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the § 3553(a) factors,[1] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  Then, we examine

---

[1]  The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

4

whether the sentence is substantively reasonable in light of the totality of the circumstances. *Id.* The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

### 1. Procedural Reasonableness

Defendant argues that his 48-month sentence is procedurally unreasonable because the district court relied on clearly erroneous facts. In particular, he argues that the district court based its decision on potentially erroneous assumptions regarding the reasons he received a reduced sentence for his drug conspiracy conviction in New York.

Because Defendant did not object to the procedural reasonableness of his sentence before the district court, we review his argument for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). The only argument Defendant makes with respect to the procedural reasonableness of his sentence is that the district court based its decision on clearly erroneous facts. But after reviewing the record, we are not persuaded.

The record shows that the district court based Defendant's 48-month sentence on his "criminal history category" and the fact that he was "on supervised release for a drug offense and he's doing the same thing [in New York]." The district court asked questions at the sentencing hearing related to Defendant's

conviction and sentence in New York and expressed surprise that Defendant had received a sentence of time-served, but it did not indicate that it was basing its decision regarding the revocation sentence on the length of the New York sentence. And Defendant offers no persuasive argument why the district court could not consider that light sentence when deciding what sentence to impose.

Further, although the district court mentioned that it was imposing a below guidelines sentence based on Defendant's cooperation in New York, Defendant does not dispute that he received a sentence of time-served in New York based on his cooperation. In fact, defense counsel told the district court that Defendant had cooperated. Further, the court's consideration of Defendant's purported cooperation helped, not hurt him. In short, Defendant's sentence was not based on clearly erroneous facts, and the district court therefore did not err, plainly or otherwise, by imposing Defendant's 48-month sentence.

### 2.    Substantive Reasonableness

Defendant also argues that his sentence is substantively unreasonable. Although we have not determined the appropriate standard of review for substantive-reasonableness challenges raised for the first time on appeal, we need not decide that here, as Defendant's argument fails under the abuse of discretion standard.

6

Indeed, Defendant has not met his burden of showing that his 48-month sentence is substantively unreasonable.  Defendant's guideline range was 51 to 60 months' imprisonment.  Given that we typically expect a sentence within the guideline range to be reasonable, one would not typically expect a sentence below the guideline range to be unreasonably high.  *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, although we do not presume that a sentence within the guideline range is reasonable, we typically expect it to be reasonable).  Moreover, Defendant's 48-month sentence is well below the statutory maximum of 5 years' imprisonment.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (suggesting that a sentence well below the statutory maximum is an indicator of reasonableness).

We also reject Defendant's argument that his 48-month sentence is greater than necessary to accomplish the goals of sentencing because it is higher than the sentence he received for the drug offense that led to the revocation proceedings. That Defendant received a lesser sentence for his conviction for conspiracy to distribute drugs in New York is of no consequence.  This is so because the sentence imposed following revocation of supervised release is a distinct punishment, separate from the punishment for the substantive offense underlying the supervised release violation.  *See* U.S.S.G. Ch. 7, Pt. A, comment. (n.3(b)) (explaining that the sentence imposed upon revocation is "intended to sanction the

7

violator for failing to abide by the conditions of the court-ordered supervision, leaving the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense"); *cf. United States v. Woods*, 127 F.3d 990, 992 (11th Cir. 1997) (stating, in the context of probation revocation, that revocation is part of the original sentence and does not prevent a subsequent prosecution for the new offense that led to the revocation).

Moreover, Defendant's 48-month sentence was supported by several § 3553(a) factors, including Defendant's history and characteristics, the circumstances of the offense, and the need for deterrence.  Accordingly, Defendant has failed to show that the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).

### B.    Ineffective Assistance of Counsel

Defendant argues that his attorney was ineffective (1) for failing to investigate the circumstances of his New York sentence and provide that information to the district court, and (2) by waiting until right before sentencing to provide the district court with letters in mitigation.

As Defendant concedes, we do not typically review ineffective assistance claims on direct appeal if the district court did not entertain the claim or develop

the record for evaluating the merits of that claim. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). In fact, "[t]he preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion 'even if the record contains some indication of deficiencies in counsel's performance.'" *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010). Defendant did not raise his ineffective assistance claim before the district court, nor is the record sufficiently developed for our review of his claim. Accordingly, Defendant's claim would be "more appropriately raised in a proceeding under 28 U.S.C. § 2255." *United States v. Perez-Tosta*, 36 F.3d 1552, 1563 (11th Cir. 1994) (declining to consider the defendant's ineffective assistance of counsel claim on direct appeal because the record was not sufficiently developed).

## III.    CONCLUSION

For the foregoing reasons, Defendant's sentence is **AFFIRMED**.