[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12602
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00127-CEH-TGW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NATHAN A. MADSEN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 13, 2018)

Before MARCUS, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Nathan Madsen pled guilty to enticement of a minor to engage in sexual

activity and possession of child pornography. In exchange for his guilty plea, the

government dismissed the original indictment and agreed not to pursue other charges related to his conduct. Mr. Madsen's written plea agreement included a sentence appeal waiver and permitted an appeal only if his sentence exceeded the guideline range as calculated by the district court, exceeded the statutory maximum sentence, violated the Eighth Amendment, or if the government appealed.

At sentencing, the district court heard testimony and arguments from the parties, including a victim impact statement from Mr. Madsen's minor victim in the child pornography offense. The district court calculated Mr. Madsen's advisory sentencing guideline range at life imprisonment, but, after considering the testimony and 18 U.S.C. § 3553(a) factors, varied downward and imposed a total sentence of 210 months' imprisonment.

Mr. Madsen raises two issues on appeal. First, he contends that his due process rights were violated by the district court's admission and consideration of the victim's impact statement. Second, he argues that he received ineffective assistance of counsel. After careful review, we dismiss his appeal as to the due process claim because it is barred by his sentence appeal waiver. We decline to consider his ineffective assistance of counsel claim because the record is not sufficiently developed on direct appeal.

## I

We review the validity of a sentence appeal waiver *de novo*. *See United States v. DiFalco*, 837 F.3d 1207, 1215 (11th Cir. 2016). Valid waivers must be made knowingly and voluntarily, so we require that the government establish either that "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* Mr. Madsen acknowledges that he "signed a valid, enforceable appeal waiver," Initial Br. at 26, and we agree. The record demonstrates that the district court explained and specifically questioned Mr. Madsen concerning the sentence appeal waiver and that Mr. Madsen indicated that he understood he was forfeiting his right to appeal, except in limited circumstances not implicated here. *See* D.E. 115 at 33–34.

Despite the valid waiver, Mr. Madsen contends that he may still appeal his sentence because his due process rights were violated when the district court allowed the prosecution to read a statement written by Mr. Madsen's minor victim. Mr. Madsen is correct that his "waiver of the right to appeal his sentence does not mean [ ] that appellate review is completely unavailable." *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). We have recognized, for example, that a defendant may appeal his sentence if it was based on a constitutionally

3

impermissible factor such as race, *id.* at 1350 n.18, or in "extreme circumstances" such as a sentence to "public flogging." *United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999).

Unfortunately for Mr. Madsen, his due process argument does not raise a constitutionally impermissible factor like race or an extreme circumstance like public flogging. *See generally Payne v. Tennessee*, 501 U.S. 808, 827 (1991) (holding that admission of victim impact evidence at death penalty sentencing phase does not *per se* violate the Eighth Amendment); *United States v. Horsfall*, 552 F.3d 1275, 1284 (11th Cir. 2008) (finding no plain error in admission of victim impact statement in child pornography case). In fact, we have held that such appeal waivers may "bargain away [the] right to raise constitutional issues[.]" *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006). And, we have dismissed appeals raising due process concerns due to these waivers. *See United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) (dismissing appeal due to waiver that included Due Process and Sixth Amendment claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny). Mr. Madsen knowingly and voluntarily waived his right to appeal his sentence, and that waiver included his due process claim. Accordingly, we dismiss his appeal on this issue.

## II

Next, we turn to Mr. Madsen's ineffective assistance of counsel claim. "We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010). Mr. Madsen, to his credit, recognizes this usual limitation. Nevertheless, he argues that the record is sufficiently developed in this case. We disagree.

He points to two parts of the record to support his argument. First, he contends that one of his responses at the sentencing hearing "supports that he did not appreciate the significance of his plea agreement, or understand how the sentencing guidelines appl[ied] to his case." Initial Br. at 34. Second, he points to his "decision to plead guilty to a life imprisonment range," which he describes as "confounding." *See id.* at 35. From these two facts, Mr. Madsen asks us to hypothesize, or presume, that his counsel was ineffective.

The problem with this argument is that, although it points to allegedly-ineffective acts in the record, it does not shed light on his counsel's strategy or whether the alleged errors were prejudicial. These are Mr. Madsen's burden to prove. *See Massaro v. United States*, 538 U.S. 500, 505 (2003) ("Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that

5

the error was prejudicial."). Even if we accepted his argument that the record showed "seemingly unusual or misguided action by counsel," we do not know whether there was "a sound strategic motive" or whether that action "was taken because the counsel's alternatives were even worse." *See id.* For these reasons, "[t]he preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion[.]" *Patterson*, 595 F.3d at 1328. Through this procedure, Mr. Madsen may develop an appropriate record to support his claim. "We do not suggest that [Mr. Madsen's] counsel was ineffective, but [he] may raise his claim in a 28 U.S.C. § 2255 motion if he so chooses and timely files it." *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).

### III

In sum, we dismiss Mr. Madsen's appeal in part and affirm the judgment of the district court.

**APPEAL DISMISSED IN PART; AFFIRMED IN PART.**