[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10589

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LUIS ENRIQUE TORRES GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00299-VMC-AAS-3

_____

Before  JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

In this direct appeal, Luis Torres Gomez claims that he was denied effective assistance of counsel at his sentencing hearing. Specifically, he argues that his trial counsel was ineffective for failing to object to the district court's use of untranslated Spanish-language documents to determine his safety-valve eligibility at sentencing.[1]

We decline to address his claim in this direct appeal and affirm Torres Gomez's sentence. We generally do not consider

---

[1] The government reads Torres Gomez's brief on appeal as directly challenging the district court's reliance on these documents. The government asserts that this challenge is barred by the sentence appeal waiver in Torres Gomez's plea agreement. We do not read Torres Gomez's brief as raising this distinct challenge, but if we did, we would agree with the government that his appeal waiver bars our consideration of it. See United States v. Bushert, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (holding that a sentence appeal waiver will be enforced if it was made knowingly and voluntarily); United States v. Grinard-Henry, 399 F.3d 1294, 1296–97 (11th Cir. 2005) (explaining that an appeal waiver includes a waiver of "difficult or debatable legal issues or even blatant error").

By contrast, the government has not invoked the appeal waiver as to Torres Gomez's ineffective assistance of counsel claim. We therefore will not sua sponte enforce the waiver as to this claim. See Burgess v. United States, 874 F.3d 1292, 1299–1301 (11th Cir. 2017) (concluding that a district court could not sua sponte enforce a collateral-attack waiver in a plea agreement to dismiss a § 2255 motion where the government did not raise the defense).

claims of ineffective assistance of counsel raised on direct appeal "where the district court did not entertain the claim nor develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). Even if the record includes some indication that an attorney's performance was deficient, a 28 U.S.C. § 2255 motion is the preferred means for deciding an ineffective-assistance-of-counsel claim. *See United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010). A § 2255 hearing affords counsel whose performance is at issue the opportunity to testify and explain whether "a seemingly unusual or misguided action . . . had a sound strategic motive or was taken because [the] alternatives were even worse." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Armed with that information, a district court entertaining a § 2255 motion may reliably judge the effect counsel's allegedly deficient performance had on a defendant's case, whereas we, on an underdeveloped record, would be left to speculate. *See United States v. Khoury*, 901 F.2d 948, 969 (11th Cir. 1990) (holding that, absent further factual development, we could not tell whether counsel's conflict of interest had an actual or merely speculative effect on defendant's trial, and dismissing without prejudice to a § 2255 motion).

The record of Torres Gomez's sentencing is insufficiently developed for us to meaningfully review his claim that trial counsel was ineffective. We cannot discern from the record why counsel for Torres Gomez failed to object to the district court's use of Spanish-language documents. And we decline to speculate about what the effect an objection may have had on Torres Gomez's

4                    Opinion of the Court                    21-10589

sentencing proceedings. Those questions are better left to a district court in a § 2255 proceeding. *See Massaro*, 538 U.S. at 503, 505; *Khoury*, 901 F.2d at 969. Thus, without prejudice to his ability to bring an ineffective assistance of counsel claim in a § 2255 motion, we affirm Torres Gomez's sentence.

**AFFIRMED.**