[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11999

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CEDRIC O. VALENTINE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:20-cr-00038-TKW-1

_____

Before JORDAN, NEWSOM and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Cedric Valentine appeals his 240-month prison sentence, arguing that the district court erred by failing to conduct an adequate hearing on whether his counsel provided ineffective assistance regarding a sentence enhancement for his prior conviction. After reviewing the record and reading the parties' briefs, we affirm Valentine's sentence.

## I.

Normally, we review for abuse of discretion a district court's decision regarding the need for an evidentiary hearing. *United States v. Arbolaez*, 450 F.3d 1283, 1293 (11th Cir. 2006). However, when a party does not object to an issue at sentencing, our review of any challenge on appeal is for plain error only. *United States v. Cingari*, 952 F.3d 1301, 1305 (11th Cir. 2020). To establish plain error, "[t]he party raising the issue on appeal has the burden to show that: '(1) there is an error; (2) that is plain or obvious; (3) affecting his substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* (quoting *United States v. Beckles*, 565 F.3d 832, 842 (11th Cir. 2009)). "An error is obvious when it flies in the face of either binding precedent or the explicit language of a statute or rule." *United States v. Bankston*, 945 F.3d 1316, 1318 (11th Cir. 2019) (citation omitted).

21-11999                Opinion of the Court                3

Generally, "[w]e will not . . . consider [a] claim[] of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (citation omitted). "The preferred means for deciding a claim of ineffective assistance is through a 28 U.S.C. § 2255 motion 'even if the record contains some indication of deficiencies in counsel's performance.'" *Id.* at 1328-29 (quoting *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694 (2003)).

## II.

The record here demonstrates that the district court did not plainly err by failing to hold an evidentiary hearing on Valentine's claim that counsel provided ineffective assistance regarding a sentencing enhancement notification for his prior conviction. In addition, the district court did not err in finding that Valentine would have to bring his claim in the postconviction context. Valentine did not cite any binding precedent requiring a district court to address, particularly via an evidentiary hearing, a claim of ineffective assistance of counsel brought at sentencing. Rather, our caselaw refers to the district court's discretion whether to entertain such a claim. *See Patterson*, 595 F.3d at 1328. Moreover, our court has noted that a postconviction proceeding is the preferred avenue for addressing claims of ineffective assistance of counsel. *Id.* Because there is no binding precedent directly resolving this issue, there can be no obvious error by the district court. A § 2255 motion is the

4                    Opinion of the Court                    21-11999

preferred avenue for asserting an ineffective assistance of counsel claim, and Valentine may assert his claim in such a motion.

For the aforementioned reasons, we affirm Valentine's sentence.

**AFFIRMED.**