[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13889

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BEYAH ISLAM BASHA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cr-00059-AW-MAF-1

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Beyah Basha appeals his convictions and sentence for conspiring to distribute and for distributing 50 grams or more of methamphetamine. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846. Basha challenges, for the first time on appeal, his classification as a career offender, United States Sentencing Guidelines Manual § 4B1.1 (Nov. 2021), and the finding that his offense involved more than 150 grams of methamphetamine. He also argues that his trial counsel was ineffective. We affirm.

After a grand jury indicted Basha for conspiring to distribute and distributing 50 grams or more of methamphetamine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846, the government notified Basha of its intent to seek a mandatory-minimum sentence, *id.* §§ 841(b)(1)(A)(iii), 851(a), based on his prior convictions of at least two serious drug felonies: a 2009 Florida conviction for the sale or delivery of cocaine and two 2013 federal convictions for distributing and possessing with intent to distribute cocaine. The 2013 convictions were charged in the same indictment, with the first offense occurring on May 16, 2012, and the second on May 29, 2012. The government alleged that any two of these three convictions supported a mandatory-minimum sentence of 25 years of imprisonment. After the district court explained to Basha that he would

be subject to a mandatory-minimum sentence if convicted, Basha confirmed that he understood and raised no objection.

At trial, the government presented evidence that Basha participated in four controlled purchases of methamphetamine totaling 138.51 grams in 2021. Robert Murphy testified that he also bought nine ounces, or 255.15 grams, of methamphetamine for Basha. Jesse Lawrence testified that he also sold methamphetamine to Micah Archer and Prissy Hockaday, and Hockaday in turn sold it to Basha. The government introduced Facebook messages between Lawrence and Hockaday about their drug transactions, including about money Hockaday owed Lawrence for a five-ounce methamphetamine deal that involved Basha. Basha objected that the messages violated the Sixth Amendment, *see Crawford v. Washington*, 541 U.S. 36 (2004), because he was unable to cross-examine Hockaday. The district court overruled the objection because the messages were not testimonial. The jury found Basha guilty of both counts.

Basha's presentence investigation report applied two sentencing enhancements. The report applied a 25-year mandatory-minimum sentence for each count because Basha had at least two prior convictions for serious drug felonies based on his 2009 Florida cocaine conviction and his two 2013 federal cocaine convictions, which the report counted separately because the conduct occurred on separate occasions.

The report also classified Basha as a career offender, U.S.S.G. § 4B1.1, because he had been convicted of at least two controlled

substance offenses. The report listed three qualifying prior offenses: the 2009 Florida cocaine conviction; the 2013 federal cocaine conviction, which was counted as a single conviction; and a 2019 Florida conviction for possessing cocaine with intent to sell or deliver. In response to the initial draft of the report, the government clarified that the 2019 Florida conviction did not qualify as a "serious drug felony" for purposes of the statutory enhancement. 21 U.S.C. § 841(b)(1)(A)(iii). Neither party objected to the 2019 Florida conviction counting toward Basha's classification as a career offender under the advisory guidelines.

The report provided a base offense level of 32 based on its calculation that Basha was accountable for at least 311.85 grams of methamphetamine ice, U.S.S.G. §§ 2D1.1(a)(5), (c)(4), and applied a two-level enhancement for maintaining a premises to distribute a controlled substance, *id.* § 2D1.1(b)(12). The report stated that its conservative calculation avoided any potential double counting by including only the 255.15 grams that Murphy testified he purchased for Basha and the 56.7 grams that Lawrence admitted in a post-*Miranda* statement he had provided Basha. The report also stated that, because the 138.51 grams from the controlled purchases tested between 98 and 100 percent pure, the drugs provided by Murphy and Lawrence were properly counted as methamphetamine ice.

Because of Basha's designation as a career offender, his total offense level became 37. *Id.* § 4B1.1(b)(1). The report stated that, regardless of the career-offender designation, Basha's criminal history category was VI. His advisory sentencing range was 360

months to life, with a mandatory-minimum sentence of 25 years of imprisonment. Basha filed no objections to the report.

At sentencing, Basha admitted that he had been convicted of the felonies listed in the government's notice of intent. As for the advisory guideline sentencing range and calculation, Basha's trial counsel stated he "could not find anything to legally object to," but Basha later expressed concern that the 2008 Florida conviction was for powder, not crack, cocaine. The government and district court agreed that the distinction made no difference to Basha's sentence. In his allocution, Basha complained that his trial counsel was ineffective for failing to file pretrial motions, challenge evidence against him, and introduce exculpatory evidence.

The district court sentenced Basha to 360 months of imprisonment. It stated that, because this sentence "satisf[ied] the 25-year mandatory minimum even without the [section] 851 enhancements," it would have imposed the same sentence regardless of whether Basha qualified for the statutory mandatory minimum. It remarked that the substantial amount of methamphetamine involved in his offense was harmful to the community and that Basha committing the offense while on supervised release for a drug offense made his conduct even more egregious.

Three standards of review govern this appeal. We review *de novo* the classification of a defendant as a career offender under section 4B1.1. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). We review the finding of drug quantity attributable to a defendant for clear error. *United States v. Reeves*, 742 F.3d 487, 506

(11th Cir. 2014). When a defendant fails to object to an issue at sentencing, our review is for plain error only. *United States v. Cingari*, 952 F.3d 1301, 1305 (11th Cir. 2020). The plain error "standard requires that there be error, that the error be plain, and that the error affect a substantial right." *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006).

Basha argues for the first time on appeal that he lacks the two prior "controlled substance offenses" necessary to sustain his classification as a career offender, U.S.S.G. § 4B1.1. The Sentencing Guidelines provide that a defendant convicted of a controlled substance offense or crime of violence may be classified as a career offender if he was 18 years old when he committed the instant offense and had at least two prior felony convictions for either a crime of violence or a "controlled substance offense." *Id*. § 4B1.1(a). A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . distribution[] or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id*. § 4B1.2(b).

The district court did not plainly err in classifying Basha as a career offender, *id*. § 4B1.1. Basha's presentence report relied on three prior convictions: the 2009 Florida cocaine conviction, the 2013 federal cocaine conviction, and the 2019 Florida cocaine conviction. And Basha's opening brief fails to challenge the 2019

conviction. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc).

Basha argues that his 2013 federal convictions, though charged in the same criminal case, occurred on separate occasions, but Basha's 2013 convictions were not counted as separate offenses for the career-offender enhancement. Basha's presentence report stated that his two counts of conviction in the 2013 case "occurred on separate occasions, and [the second count] constitutes a third conviction for a *serious drug felony*" for purposes of the statutory enhancement, 21 U.S.C. § 841(b)(1)(A)(iii). For the career-offender enhancement, the report counted both 2013 convictions as a single prior "controlled substance offense." Because Basha has at least two prior controlled substance offenses—one 2013 federal cocaine conviction and one 2019 Florida cocaine conviction—the district court committed no plain error in sentencing him as a career offender. We need not address any argument about his 2009 Florida conviction.

Insofar as Basha sought to challenge his mandatory-minimum sentence, *id.*, he has forfeited any argument he could have made by failing to raise it in his opening brief. *See Campbell*, 26 F.4th at 873; *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("A party fails to adequately brief a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims." (quotation marks omitted)) Basha's assertion that his sentence was "impermissibly enhanced"—followed by citations to career-offender and

"controlled substance offense" provisions, a discussion of his 2009 and 2013 cocaine convictions, and a conclusion referencing only the *"Guideline* enhancements"—fails to suggest that he challenges anything other than his career-offender enhancement. In any event, the district court stated that it would have imposed the same sentence regardless of whether Basha qualified for the statutory mandatory minimum.

Basha argues that the district court erred in relying on the drug quantity calculation in the presentence report because evidence supporting that calculation was improperly admitted at trial. He also argues that the government failed to prove that the "snitch" witnesses distributed actual methamphetamine instead of powdered sugar or weaker drugs. Both arguments fail.

The district court did not plainly err in determining the drug weight attributable to Basha based on the undisputed facts in the presentence report. *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004). At sentencing, the district court squarely asked, "Do you have any objections to anything at all in the [report]," and Basha said he did not. The unchallenged statements in the report established that Murphy supplied Basha with nine ounces, or 255.15 grams, of methamphetamine during the conspiracy, and Lawrence supplied Basha with at least two ounces, or 56.7 grams, of methamphetamine. Because Basha failed to object to these statements, the district court did not err in relying on them, and he is barred from challenging them now. *Id.*; *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009). In any event, because Basha's

career-offender designation raised his base offense level to 37, it made no difference whether a smaller drug quantity hypothetically would have reduced his base offense level from 32 to 30. *See* U.S.S.G. §§ 2D1.1(a)(5), (c)(4), (c)(5); *United States v. Sanchez*, 30 F.4th 1063, 1076 (11th Cir. 2022).

We decline to consider Basha's arguments about ineffective assistance on direct appeal. *See United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) ("We will not generally consider claims of ineffective assistance of counsel on direct appeal where the district court did not entertain the claim nor develop a factual record."). Although Basha criticized trial counsel during his allocution, the record is not developed on this issue. Basha may instead seek relief in a motion to vacate, 28 U.S.C. § 2255. *United States v. Patterson*, 595 F.3d 1324, 1328–29 (11th Cir. 2010).

We **AFFIRM** Basha's convictions and sentence.